IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | | |
|---|---|---|
| Intervest National Bank,<br>1 Rockefeller Plaza<br>New York City, New York 10020 | * | |
| | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: _____ |
| Obermayer Rebmann Maxwell &<br>Hippel, LLP<br>1 Penn Center, 19th Floor<br>1617 John F. Kennedy Boulevard<br>Philadelphia, Pennsylvania 19103 | * | |
| | * | |
| | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff, Intervest National Bank, by its undersigned counsel, brings this action for damages against Defendant Obermayer, Rebmann, Maxwell & Hippel, LLP.

### Introduction

1.     Obermayer, Rebmann, Maxwell and Hippel, LLP ("Obermayer"), a law firm, was engaged by Intervest National Bank ("Intervest") to prepare loan documents, in connection with a lending transaction by Intervest to FRON-DJW, LP ("FRON-DJW"), a Pennsylvania limited partnership. The loan was made to FRON-DJW to acquire a property located at 85 Chestnut Point Road, Perryville, Cecil County, Maryland ("Maryland Property"). The loan documents which Obermayer included a Mortgage to secure the loan and protect Intervest. Obermayer was fully aware at all times that the mortgaged property was located in Maryland, that the Mortgage would be recorded in the land records of Cecil County, Maryland, and that the Mortgage instrument had to comply with Maryland law and practice. In preparing the Mortgage,

Obermayer failed to include either Power of Sale and/or Assent to Decree clauses in the instrument, which are customary provisions and remedies clauses included in virtually every mortgage prepared in connection with loan transactions involving Maryland property in order to enable lenders to pursue foreclosures in the most expeditious and least expensive manner permitted by law.  Because Obermayer failed to include Power of Sale and/or Assent to Decree clauses in the Mortgage, Intervest was required to pursue the much more expensive and time consuming process of a strict foreclosure after FRON-DJW defaulted on the Loan, which caused inordinate delay and Intervest to incur substantial financial damages.

### Parties and Jurisdiction

2.      Plaintiff, Intervest is a Delaware corporation whose principal place of business is located in New York City, New York.

3.      Defendant, Obermayer is a law firm, registered as a limited liability partnership under the laws of the Commonwealth of Pennsylvania.  Obermayer's principal place of business is located in Philadelphia, Pennsylvania.

4.      Obermayer is subject to personal jurisdiction under Maryland Courts & Judicial Proc. Article, §6-103, because, *inter alia*, it transacted business and provided services in Maryland in connection with the Mortgage and related loan documents which are the subject of this case and, upon belief, engages in business in the State of Maryland.

5.      This Court has jurisdiction over this case under 28 U.S.C. §1332(a)(1) because the Plaintiff and the Defendant are citizens of different states and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), excluding interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(3).

## Facts Common to all Counts

7.      On or about February 16, 2005, Intervest issued a loan commitment to FRON-DJW for a loan, the proceeds of which were to be used by FRON-DJW to acquire the Maryland Property. In connection with the loan commitment, FRON-DJW agreed to give Intervest a Mortgage in the original principal amount of Four Million Two Hundred Ten Thousand Dollars ($4,210,000) on the Maryland Property, to secure the loan contemporaneously with FRON-DJW acquiring the Maryland Property.

8.      Intervest engaged Obermayer to perform the legal work to prepare the loan documents, including the Mortgage in favor of Intervest against the Maryland Property, and to ensure that the Mortgage was recorded in Maryland after it was executed by FRON-DJW at the loan closing. Obermayer knew at the time it was engaged and agreed to perform the legal work, that since the property was located in Maryland, the Mortgage needed to be prepared in accordance with Maryland law, and the custom and practice in Maryland with regard to such documents.

9.      The common and customary practice in such transactions when the loan documents are prepared by out-of-state counsel is for out-of-state counsel who prepares the documents to consult with Maryland counsel and to have Maryland counsel review the loan documents, including the mortgage, prior to execution and delivery, to ensure that the customary provisions and remedies included in such documents in Maryland are present in the instrument.

10.      Obermayer was aware at the time it prepared the Mortgage that Exhibit A, section A-2 to Intervest's Lender's Loan commitment expressly provided:

> "Neither the Borrower's counsel, the Lender's counsel, or the counsel to any Seller of the Property or holder of an existing mortgage on the Property may act as agent for or representative of the Title Company in connection with the Loan nor can the agent or representative of the Title

3

Company be controlled by, affiliated with, or related in any way to, any party involved directly or indirectly in the sale or mortgage transaction."

11.     At the time Obermayer prepared the Mortgage, and prior to its execution, Obermayer was aware that Maryland law, required that the Mortgage contain a certification signed by a Maryland attorney that the Mortgage was prepared under the supervision of an attorney duly admitted to practice before the Court of Appeals of Maryland.

12.     In fact, the Mortgage which Obermayer prepared, was neither prepared under the supervision of a Maryland attorney, nor substantively reviewed by a Maryland attorney prior to its execution. Obermayer nevertheless permitted the Certificate to be signed.

13.     Obermayer knew that the attorney who signed the Certificate represented the Title Company and was a member of the firm which represented the borrower in connection with the Loan, in disregard of the Lender's Loan Commitment, and that the attorney who signed the Certificate neither represented Intervest, nor owed a duty to Intervest to ensure that the Mortgage instrument contained the customary provisions and remedies necessary to fully protect Intervest's interests, including Power of Sale and/or Assent to Decree clauses, and that such attorney, as a member of the firm which represented the borrower, had a conflict of interest, which precluded him from so advising Intervest.

14.     Upon information and belief, Obermayer did not consult with Maryland counsel in preparing the Loan Documents and did not submit the Loan Documents, including the Mortgage, to Maryland Counsel, other than the attorney who signed the Certificate, for review prior to execution and delivery to ensure the clauses necessary to protect Intervest were included in the instrument.

15.     The Mortgage which was prepared by Obermayer was executed by FRON-DJW at the time the transaction closed and was subsequently recorded among the Land Records of

4

Cecil County, Maryland in Liber 1909, page 227. A true and correct copy of the Mortgage is attached as Exhibit A.

16.     After the Loan was made and the Mortgage on the Maryland property was executed and recorded, FRON-DJW failed in its obligations to pay the loan on the stated Maturity date, to wit: June 1, 2008, which constituted a default on the Mortgage.

17.     As a result of such default, Intervest proceeded to exercise its rights to foreclose upon the Maryland Property.

18.     Because the Mortgage which Obermayer prepared did not contain Power of Sale and/or Assent to Decree clauses, Intervest was not able to proceed with the foreclosure in the most expeditious and least expensive manner permitted by Maryland law.  Rather, Intervest was required to proceed against the Maryland Property by way of a Complaint for Strict Foreclosure, a much more costly and time consuming procedure.  The Complaint for Strict Foreclosure was filed on June 12, 2008

19.     Obermayer, as a law firm, knew or should have known that Power of Sale and/or Assent to Decree clauses were necessary provisions to include in a Mortgage to be recorded in Maryland to protect Intervest's rights and allow it to proceed in the most expeditious and least costly manner with a foreclosure against the Maryland Property.

### Count 1
### Breach of Contract

20.     The allegations contained in paragraphs one through 19 above, are incorporated by reference, as if fully restated and set forth herein.

21.     In or about February 2005, Intervest and Obermayer entered into a contract pursuant to which Obermayer, for compensation, agreed to provide quality, competent legal services in connection with the loan transaction Intervest was entering into with FRON-DJW,

including the preparation of loan documents, which included a mortgage instrument on the Maryland Property that would protect Intervest's interests, and enable Intervest in the most expeditious, cost effective, efficient and least time consuming manner to enforce its rights against the Maryland Property in the event of a default by FRON-DJW.

22.     Intervest fully performed its obligations under the contract and paid Obermayer for the work it performed.

23.     Obermayer breached its contractual obligations to Intervest by failing to include in the Mortgage a Power of Sale and/or Assent to Decree provision, thereby depriving Intervest of the ability to foreclose upon the Mortgage on the Maryland Property in the most expeditious, cost effective, efficient and least time consuming manner.

24.     As a direct result of Obermayer's breach of contract, Intervest has suffered damages, including, but not limited to, increased and additional legal fees in order to pursue a Complaint for Strict Foreclosure against the Maryland property, loss in value of the Maryland Property because of the additional time necessary to prosecute the foreclosure and costs associated with the delay.

WHEREFORE, Plaintiff Intervest Bancshares Corporation asks for judgment and damages against Defendant Obermayer, Rebmann, Maxwell & Hippel, LLP, in the amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), and the costs of this proceeding.

**Count 2**
**Negligence – Legal Malpractice**

25.     The allegations contained in paragraphs one through 24 above, are incorporated by reference, as if fully restated and set forth herein.

26.     Obermayer represented to Intervest that it was knowledgeable as a law firm in representing lenders in connection with lending transactions, including in connection with

6

preparing mortgages to be recorded in the State of Maryland affecting property located in the State. At no time did Obermayer advise Intervest either that it would not consult with local counsel in connection with such loan transaction, including the preparation of the Mortgage, and did not submit the Mortgage to Maryland counsel, other than to the borrower's and/or title company's counsel, for a substantive review to ensure that the standard and customary provisions and remedies included in Maryland mortgages to protect and enable lenders to pursue a foreclosure in the most expeditious, and least expensive manner, were present in the instrument.

27.     In preparing the Mortgage against the Maryland property, Obermayer owed a duty of care to Intervest to consult with Maryland counsel and/or to have Maryland counsel substantively review the Mortgage before execution to ensure that it contained the customary provisions and remedies permitted by Maryland law which are included in such instruments in Maryland,  including those clauses which would allow for the most expeditious, least time consuming, least costly and most efficient method for Intervest to conduct a foreclosure, if a foreclosure became necessary.

28.     Obermayer owed Intervest a duty to exercise that degree of care and diligence in drafting the loan documents, including the Mortgage against the Maryland property, as used by attorneys engaged in the practice of law, which included preparing a Mortgage containing the customary and traditional provisions and remedies used in Maryland mortgage instruments, Power of Sale and/or Assent to Decree clauses, and in consulting with local Maryland counsel, as appropriate.

29.     In preparing the Mortgage against the Maryland Property, Obermayer negligently failed to include Power of Sale and/or an Assent to Decree clauses in the Mortgage.

30.     Obermayer breached its duty of care to Intervest, and failed to exercise ordinary skill and knowledge in the preparation of the Mortgage in violation of the standards to be expected of a reasonably competent law firm and attorney in these circumstances, and by its acts and omissions, as alleged herein, negligently failed to render proper legal representation to Intervest by failing to include Power of Sale and/or Assent to Decree clauses in the Mortgage on the Maryland Property. Obermayer's conduct fell below the appropriate standard of care in such matters.

31.     Had Obermayer included Power of Sale and/or Assent to Decree clauses in the Mortgage on the Maryland Property, Intervest would have been able to proceed under the most expeditious, less time consuming, least costly and most efficient foreclosure process permitted by Maryland law, which is only available when such clauses are present in a mortgage instrument, and would not have had to expend the additional legal fees and extra time associated with a Complaint for Strict Foreclosure proceeding, all of which was, or should have been foreseeable to Obermayer.

32.     As a direct and proximate result of Obermayer's negligence, Intervest has suffered economic injuries and damages.

WHEREFORE, Plaintiff Intervest Bancshares Corporation asks for judgment and damages against Defendant Obermayer, Rebmann, Maxwell & Hippel, LLP, in the amount of One Million, Five Hundred Thousand Dollars ($1,500,000.00), and the cost of this proceeding.

Respectfully submitted,

_____/s/_____
Steven A. Allen
Trial Bar No.: 00607
Hodes, Pessin & Katz, P.A.

8

901 Dulaney Valley Road, Suite 400
Towson, Maryland 21204
Email: sallen@hpklegal.com
Telephone: 410.339.6769
Telefax: 410.832.5602

## **Jury Trial Prayer**

Plaintiff requests that this case be tried to a jury.


_____/s/_____
Steven A. Allen